Parker C. J.
delivered the opinion of the Court. It is objected, that a false and malicious charge of fornication against a female will not sustain an action of slander, because fornication is not a crime at common law, and is not punishable by statute with ignominious punishment. We do not think that the objection is valid ; for whenever an offence is charged, which, if proved, may subject the party to a punishment, though not ignominious, but which brings disgrace upon the party falsely accused, such an accusation is actionable.
It seems to have been determined otherwise in New York, as in Brooker v. Coffin, 5 Johns. R. 188, though such a case *397 falls within the rule for supporting such actions, as stated by the judge who delivered the opinion.
It has always been the law in this Commonwealth, and is so neld in New Hampshire and Connecticut. Woodbury v. Thompson, 2 N. Hamp. R. 194; Frisbie v. Fowler, 2 Connect. R. 707.
It is objected also, that the first count is defective in not averring distinctly, that the plaintiff was a niece of Hiram Bagg ; and that, as the damages are general upon all the counts, judgment must for this cause be arrested. But we think the count sufficient. There is a colloquium of and concerning the plaintiff, and of and concerning one Hiram Bagg; and then it is averred, that the defendant, speaking of the plaintiff, said, “Hiram Bagg’s niece.” This is quite sufficient for common understandings ; and indeed it requires a great stretch of technical ingenuity to raise a doubt of the person intended.
This hypercriticism in actions of slander was carried much beyond, the bounds of common sense in former times. The .struggle used to be, to find, if possible, some way of avoiding a natural and necessary inference. At present, a distinct averment in regard to the' person spoken of, and a clear reference of the calumnious words to that person, is all that is required, without multiplying averments and innuendos, so as to obscure instead of throwing light upon the subject of investigation. Starkie on Slander, 285, 298.

Judgment according to verdict.